# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

**DELMY SCHUCHMAN,**

       **Plaintiff,**

**v.**                                   **CASE NO.:**

**ALL FLORIDA DISTRIBUTORS, INC.**
**D/B/A ALL FLORIDA POOL AND SPA**
**CENTER,**

       **Defendant.**

_____/

## COMPLAINT

**COMES NOW** Plaintiff, **DELMY SCHUCHMAN** ("Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint for damages against Defendant, **ALL FLORIDA DISTRIBUTORS, INC. D/B/A ALL FLORIDA POOL AND SPA CENTER** ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages, injunctive relief, and declaratory relief against Defendant to address deprivation of rights secured by 29 U.S.C. § 201 et seq., known as the "Fair Labor Standards Act" ("FLSA").

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.    Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Miami-Dade County, Florida.

## THE PARTIES

4.      At all material times hereto, Plaintiff was an individual working for Defendant in the State of Florida, Miami-Dade County, Florida, and was an "employee" for Defendant under the FLSA.

5.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      At all material times hereto, Defendant was and remains a Florida for-profit corporation and transacted business and performed services in the State of Florida, Miami-Dade County, Florida, and was the "employer" of Plaintiff under the FLSA. Defendant acts through its management, supervisors, owners, and agents.

## STATEMENT OF FACTS

8.      Defendant operates a pool and spa company in Miami, Florida.

9.      In or around September 2018, Plaintiff began working for Defendant as a bookkeeper, which is a non-exempt employee position under the FLSA.

10.      Plaintiff worked for Defendant until in or around January 2019.

11.      During Plaintiff's tenure with Defendant, Plaintiff satisfactorily performed all of the essential duties of her position.

12.      During Plaintiff's tenure with Defendant, Defendant unlawfully misclassified Plaintiff as an exempt salaried employee.

13.      As such, during Plaintiff's tenure with Defendant, Defendant would unlawfully violate the FLSA by knowingly and willfully failing to pay Plaintiff overtime for her hours worked above forty (40) hours per week.

14.      Defendant's unlawful conduct in violation of the FLSA was willful.

15.     As a direct and proximate cause of said acts of Defendant, its agents and or owners, Plaintiff has suffered financial damages.

### COUNT I - FLSA OVERTIME VIOLATION

16.     Plaintiff restates and incorporates herein the allegations as set forth in paragraphs 1 through 15 above, as if fully set forth herein.

17.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and Plaintiff was not compensated for all of these hours in accordance with the FLSA.

18.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

19.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court hold Defendant liable for the following relief:

a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)     Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)     An amount equal to Plaintiff's overtime damages as liquidated damages;

d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)     A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)     All costs and attorney's fees incurred in prosecuting these claims; and

g)     For such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a jury trial on and for all issues so triable.


Dated this 18th day of March, 2020.

Respectfully submitted,

**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-379-2565
Main: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorney for Plaintiff**

**and**

**SCOTT M. WEAVER**
Florida Bar Number: 573221
**THE WEAVER LAW FIRM, P.A.**
801 West Bay Dr., Suite 426
Largo, Florida 33770
Direct No. 727-316-5330
Facsímile: 727-499-7322
E-mail: scott@theweaverlawfirm.com
**Attorney for Plaintiff**